UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

LIZABETH J. AUGUSTINE,                          :

                Plaintiff,       :    Case No. 07 Civ. 8362 (RWS)(DFE)

        - against -                         :

AXA EQUITABLE LIFE INSURANCE        :
COMPANY,
                            :

            Defendant.          :
-------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO AMEND FIRST COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff Lizabeth J. Augustine ("Plaintiff") moves to amend her first Complaint pursuant

to 15(a) and 16(b) of the Federal Rules of Civil Procedure. Plaintiff represents that prior to filing

this motion, she attempted to obtain written consent from Defendant AXA Equitable Life

Insurance Company ("AXA") to amend her first Complaint.

### FACTS

1.      On September 26, 2007, Plaintiff filed her first Complaint initiating this lawsuit.

2.      On January 14, 2008, this Court "So Ordered" the parties' Joint Rule 26(f) Report

and Proposed Joint Discovery Plan ("Rule 26(f) Report"). *See* accompanying Affidavit of Betsy

K. Silverstine dated May 28, 2008 ("Silverstine Affidavit"), annexed hereto as "Exhibit A", ¶ 2.

3.      Paragraph three of the Rule 26(f) Report set the "[d]eadline for motions to amend

pleadings including joinder of additional parties" at February 15, 2008."

4.      AXA did not respond to Plaintiff's First Request for Production until March 11,

2008, even though Plaintiff served it on AXA on January 10, 2008. On March 11, 2008, AXA

produced to Plaintiff 3538 pages. *See* Silverstine Affidavit at ¶ 3.

5.     On April 11, 2008, AXA produced an additional 166 pages which were responsive to the document request served on AXA on January 10, 2008. *See id.* at ¶ 4.

6.     On April 18, 2008, Plaintiff's counsel emailed the proposed Amended Complaint to AXA's counsel to attempt to obtain written consent to file it. *See id.* at ¶ 5,6; *see also Smith v. Planas*, 151 F.R.D. 547 (S.D.N.Y. 1993)("Plaintiff's motion to amend must include a copy of the proposed amended complaint before it will be considered.").

7.     The proposed Amended Complaint amends the following:

> (i)     adds individual Defendants James C. Dennis ("Mr. Dennis"); Jeanne O'Connor ("Ms. O'Connor"); Cynthia Stern ("Ms. Stern"); and Lisa DeRoche ("Ms. DeRoche");

> (ii)     adds a cause of action under New York City Human Rights Laws, §§ 8-107(1)(a) and 8-107(20) ("NYC Human Rights Laws");

> (iii)     and adds facts and exhibits.

8.     To date, no depositions have been taken in the instant case. Therefore, AXA cannot attempt to argue that it will be prejudiced if Plaintiff amends her first Complaint.

**ARGUMENT**

In *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, (2d Cir. 2000), the Court held that to amend a Complaint after a scheduling order deadline, a plaintiff must show "good cause" under 16(b) of the Federal Rules of Civil Procedure, rather than the more lenient 15(a) standard. *Id.* at 340. There, the Court affirmed the district court's denial of leave to amend the Complaint, but only because the plaintiff already had all of the information to state the claim in the

Amended Complaint when he filed his first Complaint: "When he commenced this action, therefore, Parker had all the information necessary to support a breach of contract claim, and nothing he learned in discovery or otherwise altered that fact." *Id.* at 341.

In the instant case, however, all of the information that Plaintiff relied on to prepare her First Amended Complaint was learned in the 3538 pages produced by AXA on March 11, 2008, as well as after that date, as elaborated upon more specifically below. Thus, Plaintiff could not have amended her Complaint by the February 15, 2008 deadline. That is because AXA needed several extensions to respond to Plaintiff's first discovery request.

### I.    Plaintiff Could Not Have Stated A Claim Against The Individuals Until After She Received AXA's March 11, 2008 Production

Liability under the FMLA "extends to all those who controlled in whole or in part [plaintiff's] ability to take a leave of absence and return to her position." *Johnson v. A.P. Products, Ltd.*, 934 F.Supp. 625, 629 (S.D.N.Y. 1996) (quoting *Freemon v. Foley*, 911 F.Supp. 326, 331 (N.D.Ill. 1995)). Nonetheless, *Johnson* clarifies that to state a claim, a complaint cannot merely allege that the individual is the manager of human resources, and that the individual terminated the plaintiff. *Johnson*, 934 F.Supp. at 629. Rather, the complaint must allege in some manner that the individual exercised some control over the plaintiff's ability to take a leave of absence or plaintiff's termination. *Id.*

In the present case, the proposed Amended Complaint adds the individual Defendants Mr. Dennis, Ms. O'Connor, Ms. Stern and Ms. DeRoche. Before March 11, 2008, Plaintiff was aware of the individuals' job titles, and that each may have possibly been somehow involved in her termination. *Johnson*, however, clarifies that merely stating these facts in her initial Complaint would not have been enough to withstand a motion to dismiss by AXA. Rather,

Plaintiff needed to learn more, and she did learn more in the discovery provided by AXA on

March 11, 2008. Indeed, in her Amended Complaint, Plaintiff elaborates that each of the

individuals' "job responsibilities related to: (i) Plaintiff's termination; (ii) supervising or

controlling Plaintiff's work schedule or conditions of Plaintiff's employment; (iii) determining

Plaintiff's rate and method of payment; and (iv) maintaining Plaintiff's employment records."

Once again, Plaintiff learned that information in AXA's March 11, 2008 document production

through materials such as emails, internal memoranda and correspondence. Thus, it would have

been impossible for Plaintiff to amend her Complaint by the February 15, 2008 deadline to

include the individuals.

### II.    Plaintiff Could Not Have Stated A Claim Under NYC Human Rights Laws Until After She Received AXA's March 11, 2008 Production

The proposed Amended Complaint further adds a cause of action under New York City

Human Rights Laws, §§ 8-101(1)(a) and 8-107(20) ("NYC Human Rights Laws"). § 8-

107(1)(a) provides in relevant part:

> 1. Employment. It shall be unlawful discriminatory practice:
>
> (a) For an employer or an employee or agent thereof, because of the actual or perceived…disability…to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

§ 8-107(20) provides in relevant part:

> 20. Relationship or Association. The provisions of this section set forth as unlawful discriminatory practices shall be construed to prohibit such discrimination against a person because of the actual or perceived…disability…of a person with whom such person has a known relationship or association.

§ 8-102(16) defines disability in relevant part:

> 16. (a) The term "disability" means any physical, medical…impairment, or a history or record of such impairment. (b) The term "physical, medical,

4

...impairment" means: (1) An impairment of any system of the body; including, but not limited to:...respiratory organs, including, but not limited to, speech organs..."

Thus far in the litigation, AXA has not disputed that Plaintiff's daughter Megan has a serious health condition. Nonetheless, AXA contends that Plaintiff does not have good cause to amend her First Complaint after the scheduling order deadline to allege unlawful discrimination because Plaintiff has always known her daughter was disabled. That argument makes absolutely no sense.

Here are several things Plaintiff learned through AXA's March 11, 2008 document production: (i) who at AXA perceived Megan as disabled; (ii) how disabled they perceived Megan as; (iii) how they perceived Megan's disability affected Plaintiff; (iv) the proximity in time documents were placed in Plaintiff's employment file relating to Megan and Plaintiff's termination; and (v) that documents were written expressing hostility about Plaintiff's schedule to care for Megan.

Had Plaintiff alleged violations of NYC Human Rights Laws in her initial Complaint, AXA could have moved to dismiss, claiming that it lacked knowledge of the disability, and that it did not discriminate against Plaintiff in terms, conditions or privileges of employment. The March 11, 2008 production, through materials, including emails, forms, internal memoranda and correspondence, however, proves otherwise. Thus, it would have been impossible for Plaintiff to amend her Complaint by the February 15, 2008 deadline to include violations of NYC Human Rights Laws.

## CONCLUSION

For all of the reasons stated above, Plaintiff's Motion to Amend her First Complaint pursuant to 15(a) and 16(b) of the Federal Rules of Civil Procedure must be granted in its

entirety.

Dated: New York, New York

      May 29, 2008

                           THE ROTH LAW FIRM, PLLC

                           By: _____
                               Betsy K. Silverstine (BKS 1015)

                           545 Fifth Avenue, Suite 960
                           New York, New York, 10017
                           (212) 542-8882

                           *Attorneys for Plaintiff*
                           *Lizabeth J. Augustine*