UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| LIZABETH J. AUGUSTINE, | ECF CASE |
| Plaintiff, | Case No. 07 Civ. 8362 (RWS)(DFE) |
| - against - | **DECLARATION OF DOROTHY ROSENSWEIG, ESQ. IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND FIRST COMPLAINT** |
| AXA FINANCIAL, INC. d/b/a AXA EQUITABLE LIFE INSURANCE CO. | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Dorothy Rosensweig, pursuant to 28 U.S.C. § 1746, declares:

1. I am a member of the law firm of Epstein Becker & Green, P.C., attorneys for Defendant AXA Equitable Life Insurance Company (incorrectly named in the caption as "AXA Financial, Inc. d/b/a AXA Equitable Life Insurance Co.") (referred to herein as "AXA"), and am fully familiar with the facts and circumstances of the matters set forth herein. I respectfully submit this Declaration in opposition to Plaintiff's Motion to Amend First Complaint pursuant to 15(a) and 16(b) of the Federal Rules of Civil Procedure.

2. On September 26, 2007, Plaintiff filed the original Complaint in this action, a copy of which is attached hereto as Exhibit A.

3. On November 16, 2007, AXA filed its Answer, a copy of which is attached hereto as Exhibit B.

4. On December 26, 2007, AXA noticed Plaintiff's deposition for February 7, 2008. This date was adjourned due to Plaintiff's failure to provide AXA's counsel with

properly executed medical authorizations in sufficient time for AXA to obtain the medical records prior to the February 7 deposition date.

      5.      On January 9, 2008, AXA served its Initial Disclosures pursuant to Rule 26(a), identifying J.C. Dennis ("Dennis"), Jeanne O'Connor ("O'Connor"), Cindy Stern ("Stern") and Lisa DeRoche ("DeRoche") as individuals who may have discoverable information concerning: (i) Plaintiff's job duties, responsibilities, performance and attendance; (ii) Defendant's FMLA leave request policies and procedures; and (iii) Defendant's Customer Marketing Group Reorganization and elimination of Plaintiff's position. A copy of AXA's Initial Disclosures is attached hereto as Exhibit C.

      6.      The same day, January 9, 2008, Plaintiff served her initial Disclosures, identifying Dennis, O'Connor, Stern and DeRoche as individuals who may have knowledge of, among other things: (i) Plaintiff's job performance and history; (ii) AXA's FMLA policies and procedures and alleged failure to respond to Plaintiff's FMLA request; (iii) Plaintiff's daughter's life threatening health condition; and (iv) the "Reorganization Justification Document" that "eliminated and replaced" Plaintiff's position. (A copy of Plaintiff's Initial Disclosures is attached hereto as Exhibit D). Plaintiff did not make any attempt to seek to take the depositions of any of these individuals until May 12, 2008, 3 months after the deadline to amend her Complaint or join additional parties had passed and 2 months after receiving Defendant's March 11 document production.

      7.      On January 10, 2008, Plaintiff served her First Set of Interrogatories on Defendant. Of the 23 interrogatories (not including multiple subparts contained therein), all but one violated Local Rule 33.3 as they sought information beyond that permitted in the Rule. A copy of Plaintiff's First Set of Interrogatories to Defendant is attached hereto as Exhibit E.

8. On January 15, 2008, AXA's counsel advised Plaintiff's counsel that all but No. 8 of Plaintiff's interrogatories were in violation of Rule 33.3 and accordingly AXA would not respond to them other than to assert objections. Interrogatory No. 8 requested the identity of all individuals who participated in the decision-making process to terminate Plaintiff's employment with Defendant (See Exhibit E hereto). In its February 26, 2008 response, AXA identified the relevant individuals as Dennis (Senior Vice President, Customer Marketing Group), O'Connor (Vice President, Customer Acquisition, Cross-Sells and Retention, Customer Marketing Group) and Stern (then Vice President Customer Retention & Cross Sells, currently Vice President Strategy and Insights). A copy of AXA's response to Plaintiff's Interrogatory No. 8 is attached hereto as Exhibit F.[1]

9. On January 14, 2008 Judge Sweet "So Ordered" the parties' Joint Rule 26(f) Report and Proposed Joint Discovery Plan (the "Scheduling Order"). Paragraph 3 of the Scheduling Order set the deadline to amend pleadings, including joinder of additional parties, as February 15, 2008; the close of discovery as August 31, 2008; and the due date for summary judgment motions or, if no such motions are made, the pretrial order, as October 31, 2008. Paragraph 7 explicitly states that "[a] scheduling order will be modified by the Court only upon a showing of good cause. Fed. R. Civ. P. 16(b)." A copy of the Scheduling Order is attached hereto as Exhibit G.

10. On February 6 and 21, 2008, AXA requested extensions of time to February 26, 2008 and March 11, 2008, respectively, to respond to Plaintiff's First Request for Production of Documents. Plaintiff's counsel granted these requests. On March 11, 2008, AXA produced documents in response to Plaintiff's First Request for Production of Documents.

---

[1] Plaintiff's counsel agreed to modify Interrogatory No. 19 to seek the identity of individuals having knowledge of information that may be relevant to the subject matter of the action. Since this interrogatory as so amended conformed to Local Rule 33.3, AXA agreed to provide a substantive response to it, and did so on February 26.

11. On March 27, 2008, Plaintiff's counsel wrote to AXA's counsel concerning what Plaintiff believed to be deficiencies in AXA's March 11 document production. It is apparent from this letter that Plaintiff's counsel had completed their review of AXA's document production by this date. A copy of this letter is attached hereto as Exhibit H.

12. On April 7 and 9, 2008, Plaintiff objected to the designation as "confidential" of 53 pages of documents in AXA's document production, even though the time to do under the Stipulation and Order Governing the Protection and Exchange of Confidential Material ("Confidentiality Order") had expired on March 28, 2008 (See Exhibit I, ¶ 16). Moreover, Plaintiff's objections to the confidentiality designations did not detail the basis for her belated objections, as required by the Confidentiality Order. Copies of the Confidentiality Order and Plaintiff's April 7 and April 9 letters are attached hereto as Exhibits I and J, respectively.

13. On April 10, 2008, AXA's counsel served an Amended Notice of Deposition to take Plaintiff's deposition on May 29, 2008. A copy of the Amended Notice of Deposition is attached hereto as Exhibit K.

14. On April 11, 2008, Plaintiff's counsel Betsy Silverstine confirmed by e-mail that "Plaintiff and I are available on Thursday, May 29, 2008 at 10:00 a.m. for the deposition of Plaintiff to take place in your office." A copy of this e-mail is attached hereto as Exhibit L.

15. On April 18, Plaintiff's counsel e-mailed to AXA's counsel a proposed First Amended Complaint ("Amended Complaint"). A copy of this transmission is attached hereto as Exhibit M.

16. On May 12, 2008, I advised Plaintiff's counsel that AXA would not consent to the proposed amendment of the Complaint. On May 16, 2008 Plaintiff's counsel called me and demanded that AXA consent to the amendment or Plaintiff would file a new

action and move to consolidate it with the instant case. I responded that this would be an attempt to circumvent the Scheduling Order. Plaintiff's counsel responded "Did we miss a deadline?" I informed them that they had.

17. By e-mail dated May 12, 2008, Plaintiff's counsel for the first time requested dates for the deposition of five individuals currently employed by AXA, including the four proposed individual defendants who, as stated in Paragraphs 5 and 6 above, had been named in both parties' initial disclosures on January 9 as having relevant information. A copy of this e-mail is attached hereto as Exhibit N.

18. At 2:31 p.m. on Friday, May 23, 2008, the eve of the Memorial Day holiday, Plaintiff's counsel, by e-mail, unilaterally abrogated Plaintiff's long-scheduled May 29 deposition because AXA would not consent to the amendment of the Complaint. A copy of this e-mail is attached hereto as Exhibit O.

19. On May 29, 2008, Plaintiff filed the instant motion to amend the Complaint.

20. By e-mail dated May 30, 2008, Plaintiff's counsel unilaterally announced that the 5 depositions Plaintiff wished to take would have to be rescheduled after the Court ruled on her motion to amend the Complaint. A copy of this e-mail is attached hereto as Exhibit P.

21. On August 25, 2006, Plaintiff sent AXA employee Bernadette Cantela ("Cantela") an e-mail which stated, "now I report to Cindy Stern so she is also aware of my schedule." A copy of this e-mail is attached hereto as Exhibit Q.

22. On January 2, 2007, Plaintiff sent Cantela an e-mail which stated, "[y]ou may want to check with Cindy Stern regarding my attendance – I filled out the FML forms – I submitted to HR however they have not been signed by a manager as yet." A copy of this e-mail is attached hereto as Exhibit R.

23.    On May 29, 2007, almost four months before Plaintiff filed her initial Complaint, her counsel sent a letter to AXA stating that "AXA was put on notice of Megan's [Plaintiff's daughter] diagnosis at the time Megan had a tracheotomy at the age of one. A copy of this letter is attached hereto as Exhibit S.

24.    On July 12, 2007, AXA sent Plaintiff's counsel a copy of the December 20, 2006 Customer Marketing Group (12/20/06) December 2006 Reorganization Justification Document. A copy of the July 12, 2007 facsimile transmission is attached hereto as Exhibit T.

25.    On January 28, 2008, Plaintiff produced documents in response to Defendant's First Request for Production of Documents. These documents included attendance sheets generated by AXA dated November 14, 2006 and January 23, 2007, Bates stamped P46, P47, P96 and P97. These attendance sheets contain the same information as the attendance sheets that AXA produced to Plaintiff on March 11, which Plaintiff annexed to her proposed Amended Complaint as Exhibits C and D. In fact, the attendance sheets produced by Plaintiff contain even more information, as they cover a longer period of time. A copy of the attendance sheets produced by Plaintiff on January 28 is attached hereto as Exhibit U.

26.    Plaintiff's January 28, 2008 document production to AXA included Document Bates stamped P3, a copy of which is attached hereto as Exhibit V.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  June 16, 2008

/s/ Dorothy Rosensweig
Dorothy Rosensweig