# DECLARATION OF

# DOROTHY ROSENSWEIG, ESQ.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------- x

LIZABETH J. AUGUSTINE,                                    :

                       Plaintiff,                  :  Case No.   *1:07-cv-8362*

          - against -                          :

AXA FINANCIAL, INC. d/b/a AXA                  :
EQUITABLE LIFE INSURANCE CO.
                          :

                  Defendant.              :

--------------------------------------------------- x

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Lizabeth J. Augustine ("Mrs. Augustine"), by and through
counsel, The Roth Law Firm, PLLC, located at 545 Fifth Avenue, Suite 960, New York, New
York 10017, and as and for her Complaint and Demand for Jury Trial against Defendant, AXA
Financial, Inc. d/b/a AXA Equitable Life Insurance Co. ("AXA") states and alleges as follows:

## NATURE OF THE ACTION

This is an action alleging violations of the Family and Medical Leave Act of 1993
("FMLA"), 29 U.S.C. § 2601 *et seq.*, retaliation and intentional infliction of emotional distress.
Mrs. Augustine alleges that she was denied her entitlement to FMLA leave to care for her six
year old daughter, Megan, who was born with a life threatening condition, Recurrent Respiratory
Papillomatosis ("RRP"). She was denied the leave after turning in the necessary AXA request
form *and* certification form from Megan's doctor. Not only, however, was the leave denied, but
AXA swiftly retaliated against Mrs. Augustine for asking for the leave she was entitled to. Six
days after Mrs. Augustine submitted the two forms, AXA made a decision, contained in a written
memorandum, to terminate her.

## PARTIES

1.     Mrs. Augustine is an individual citizen of the United States residing at 9 Painted Wagon Road, Holmdel, New Jersey 07733 and was an "eligible employee" of AXA within the meaning of section 101 of the FMLA, having worked for AXA in excess of 12 months and for the statutorily-mandated 1,250 hours.

2.     Upon information and belief, AXA is a company authorized to do business in the State of New York maintaining its principal office at 1290 Avenue of the Americas, New York, New York 10104 and is an "employer" within the meaning of section 101 of the FMLA.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that the claims arise under the laws of the United States, and in particular under the FMLA.

4.     Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because AXA resides, for the purpose of venue pursuant to 28 U.S.C. § 1391(c), in this judicial district, and because a substantial part of the events giving rise to the claims herein occurred in this district.

5.     Section 107 of the FMLA permits Mrs. Augustine to proceed directly in this Court without resort to, or exhaustion of, administrative remedies.

## FACTUAL BACKGROUND

6.     Mrs. Augustine worked for AXA from March 1, 1987 through March 2, 2007. Throughout those twenty years, Mrs. Augustine loyally and competently served AXA.

2

7.    In 2000, Mrs. Augustine gave birth to her only daughter, Megan. Five months later, Megan was diagnosed with Recurrent Respiratory Papillomatosis ("RRP"), which is a life threatening condition. As a result of this serious illness, to date, Megan has undergone approximately 50 surgeries and two experimental treatment protocols.

8.    In late November 2006, Megan began having severe RRP and reactive airway symptoms. Winter months are particularly stressful to RRP sufferers. Megan had to visit several doctors, including, but not limited to, a pediatrician and a pulmonary specialist, and ultimately required additional surgery.

9.    In order to care for Megan, Mrs. Augustine knew that she would need some time off from work. Thus, on December 14, 2006, Mrs. Augustine submitted to AXA a Request for Family Medical Leave, Personal Leave or Extended Leave ("Request for Leave").

10.    In accordance with AXA policy, Mrs. Augustine attached to the Request for Leave a certification form issued by Megan's pediatrician. See Certification of Health Care Provider, a copy of which is annexed hereto as Exhibit A. The certification form explained that it would be "necessary…to take work only intermittently or to work on a less than full schedule as a result of the condition."

11.    On December 20, 2006, six days after Mrs. Augustine submitted the Request for Leave, Defendants prepared an internal memorandum, stating that Mrs. Augustine's position, Client Relations Manager, was being replaced by a position called Junior Campaign Manager and that, therefore, Mrs. Augustine would be terminated. See Customer Marketing Group (12/20/06) December 2006 Reorganization: Justification Document, a copy of which is annexed hereto as Exhibit B.

3

12.    Mrs. Augustine did not receive the internal memorandum. Instead, she repeatedly asked and anxiously waited for AXA to approve her Request for Leave so that she could care for Megan, but she kept getting the run around.

13.    Finally, on January 31, 2007, Mrs. Augustine received a letter from AXA notifying her that she would be terminated. See correspondence from Ava Schoenberg on January 31, 2007, a copy of which is attached hereto as Exhibit C.

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.***

14.    Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 13 above with the same force and effect as if fully set forth herein.

15.    AXA refused to grant Mrs. Augustine's Request for Leave to care for her daughter, who has a serious health condition.

16.    Mrs. Augustine's daughter's condition qualifies as a "serious health condition" in that it involves inpatient hospitalization and/or continuing treatment.

17.    Any absences that Mrs. Augustine took during the time period relevant hereto were due to a circumstance permitted under the FMLA.

18.    AXA, using the guise of eliminating Mrs. Augustine's position, discriminated against and terminated her because she submitted the Request for Leave.

19.    Despite reasonable efforts, Mrs. Augustine has been unable to find comparable employment with comparable benefits.

4

20.    As a proximate result of AXA's violations of the FMLA, Mrs. Augustine has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

21.    As a further proximate result of AXA's violations of the FMLA, Mrs. Augustine has suffered and continues to suffer impairment and damage to Mrs. Augustine's good name and reputation by AXA.

22.    As a further proximate result of AXA's violations of the FMLA, Mrs. Augustine has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish.

23.    By reason of AXA's willful violations of the FMLA, Mrs. Augustine is entitled to all legal and equitable remedies available.

## AS AND FOR A SECOND CAUSE OF ACTION

### Retaliation

24.    Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 23 above with the same force and effect as if fully set forth herein.

25.    AXA, using the guise of eliminating Mrs. Augustine's position, retaliated against and terminated her because she submitted the Request for Leave.

26.    Despite reasonable efforts, Mrs. Augustine has been unable to find comparable employment with comparable benefits.

27.    As a proximate result of AXA's retaliation, Mrs. Augustine has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses,

5

deferred compensation, and other employment benefits.

28.    As a further proximate result of AXA's retaliation, Mrs. Augustine has suffered

and continues to suffer impairment and damage to Mrs. Augustine's good name and reputation

by AXA.

29.    As a further proximate result of AXA's retaliation, Mrs. Augustine has suffered

and continues to suffer severe and lasting embarrassment, humiliation and anguish.

30.    By reason of AXA's retaliation, Mrs. Augustine is entitled to all legal and

equitable remedies available.

### AS AND FOR A THIRD CAUSE OF ACTION

#### Intentional Infliction of Emotional Distress

31.    Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1

through 30 above with the same force and effect as if fully set forth herein.

32.    AXA, using the guise of eliminating Mrs. Augustine's position, intentionally

inflicted emotional distress upon her because she submitted the Request for Leave.

33.    AXA's intentional conduct, in denying Mrs. Augustine's entitlement to FMLA

leave to care for her six year old daughter, Megan, who was born with a life threatening

condition, Recurrent Respiratory Papillomatosis ("RRP"), was so outrageous in character, and so

extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as

atrocious, and utterly intolerable in a civilized community.

34.    AXA's intentional conduct, in retaliating against Mrs. Augustine after she

6

requested FMLA leave to care for her six year old daughter, Megan, who was born with a life threatening condition, Recurrent Respiratory Papillomatosis ("RRP"), was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

35.    Despite reasonable efforts, Mrs. Augustine has been unable to find comparable employment with comparable benefits.

36.    As a proximate result of AXA's intentional infliction of emotional distress, Mrs. Augustine has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

37.    As a further proximate result of AXA's intentional infliction of emotional distress, Mrs. Augustine has suffered and continues to suffer impairment and damage to Mrs. Augustine's good name and reputation by AXA.

38.    As a further proximate result of AXA's intentional infliction of emotional distress, Mrs. Augustine has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish.

39.    By reason of AXA's intentional infliction of emotional distress, Mrs. Augustine is entitled to all legal and equitable remedies available.

### JURY DEMAND

Plaintiff demands a trial by jury.

7

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court grant judgment to her containing the

following relief:

A.    Back pay;

B.    Actual monetary damages;

C.    Liquidated damages;

D.    Compensatory damages in the amount of $1,000,000.00;

E.    Punitive damages in the amount of $1,000,000.00;

F.    Attorneys fees;

G.    Costs and disbursements;

H.    Pre-judgment and Post-judgment interest; and

I.    And any other such relief that this Court deems fair and just.

Respectfully submitted this <u>25</u> day of September, 2007.

THE ROTH LAW FIRM, PLLC

By:

Richard A. Roth (RAR-5538)

545 Fifth Avenue, Suite 960
New York, New York, 10017
(212) 542-8882

*Attorneys for Plaintiff*
*Lizabeth J. Augustine*

8