# DECLARATION OF

# DOROTHY ROSENSWEIG, ESQ.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LIZABETH J. AUGUSTINE,

                         Plaintiff,

           - against -

AXA FINANCIAL, INC. d/b/a
AXA EQUITABLE LIFE INSURANCE CO.

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ECF CASE**

Case No. 07 Civ. 8362 (RWS)(DFE)

**DEFENDANT'S ANSWER TO
COMPLAINT AND DEMAND
FOR JURY TRIAL**

Defendant AXA Equitable Life Insurance Company (incorrectly named in the caption as "AXA Financial, Inc. d/b/a AXA Equitable Life Insurance Co."), by its attorneys, Epstein Becker & Green, P.C., hereby Answers the Complaint and Jury Demand ("Complaint") as follows:

### AS AND FOR A RESPONSE TO "NATURE OF THE ACTION"

Defendant denies all substantive allegations in "Nature of the Action" and further denies that it violated any law or duty with respect to Plaintiff, except admits that Plaintiff brings this action alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601 *et seq.*, retaliation and intentional infliction of emotional distress.

### AS AND FOR A RESPONSE TO "PARTIES"

1.       Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, except admits that Plaintiff was an "eligible" employee of Defendant within the meaning of section 101 of the FMLA.

2.    Defendant admits the allegations contained in Paragraph 2 of the Complaint.

## AS AND FOR A RESPONSE TO "JURISDICTION AND VENUE

3.    Paragraph 3 of the Complaint calls for a legal conclusion, to which no response is required.

4.    Paragraph 4 of the Complaint calls for a legal conclusion, to which no response is required.

5.    Paragraph 5 of the Complaint calls for a legal conclusion, to which no response is required.

## AS AND FOR A RESPONSE TO "FACTUAL BACKGROUND"

6.    Defendant denies the allegations contained in Paragraph 6 of the Complaint, except admits that during certain periods of time Plaintiff was employed by Defendant.

7.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, except admits that on or

about December 14, 2006 Plaintiff submitted to Defendant a Request for Family Medical Leave, Personal Leave or Extended Leave form.

10.    Defendant denies the allegations contained in Paragraph 10 of the Complaint, except admits that Plaintiff attached to the Request for Leave form a Certification of Health Care Provider, annexed to the Complaint as Exhibit A, the contents of which speak for themselves.

11.    Defendant denies the allegations contained in Paragraph 11 of the Complaint, except admits that a document entitled "Customer Marketing Group (12/20/06) December 2006 Reorganization: Justification Document" is annexed to the Complaint as Exhibit B, the contents of which speak for themselves.

12.    Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.    Defendant denies the allegations contained in Paragraph 13 of the Complaint, except admits that Plaintiff received a letter from AXA notifying her that she would be terminated.

## AS AND FOR A RESPONSE TO "FIRST CAUSE OF ACTION"

14.    Defendant repeats and realleges each response contained in Paragraphs 1 through 13 above with the same force and effect as if fully set forth herein.

15.    Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.    Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.    Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.    Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.    Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.    Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.    Defendant denies the allegations contained in Paragraph 23 of the Complaint.

## AS AND FOR A RESPONSE TO "SECOND CAUSE OF ACTION"

24.     Defendant repeats and realleges each response contained in Paragraphs 1 through 23 above with the same force and effect as if fully set forth herein.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

## AS AND FOR A RESPONSE TO "THIRD CAUSE OF ACTION"

31.    Defendant repeats and realleges each response contained in Paragraphs 1 through 30 above with the same force and effect as if fully set forth herein.

32.    Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.    Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.    Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36.    Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.    Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.    Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.    Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.    Defendant denies that Plaintiff is entitled to any of the relief set forth in items A through I of the Prayer for Relief.

## DEFENSES

In further Answer to the Complaint, Defendant asserts the following defenses:

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

All actions taken with respect to plaintiff were based upon legitimate non-discriminatory job-related facts without regard to plaintiff's request for FMLA leave or any other unlawful basis.

### THIRD DEFENSE

All actions taken with regard to plaintiff were taken in good faith in accordance with applicable law, ordinances, rules and regulations.

### FOURTH DEFENSE

Plaintiff's claims for punitive damages are barred as a matter of law.

### FIFTH DEFENSE

Plaintiff is not entitled to recover liquidated damages because Defendant at all relevant times acted in good faith with respect to Plaintiff and had reasonable grounds for believing its acts and/or omissions were not a violation of the FMLA.

### SIXTH DEFENSE

Plaintiff has failed, in whole or in part, to mitigate her alleged damages.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that:

(1)    the Complaint be dismissed in its entirety with prejudice;

(2)    Defendant be awarded all costs, fees and disbursements, including reasonable attorneys' fees, incurred in this proceeding; and

(3)    Defendant be awarded such other and further relief as to this Court may seem just and proper.


Date:   New York, New York
        November 16, 2007


                                    Respectfully submitted

                                    EPSTEIN BECKER & GREEN, P.C.


                                    By:   _Dorothy Rosensweig_____
                                          Dorothy Rosensweig
                                          Anna A. Cohen

                                    250 Park Avenue
                                    New York, New York  10177-1211
                                    (212) 351-4500
                                    drosensweig@ebglaw.com
                                    acohen@ebglaw.com
                                    *Attorneys for Defendant*
                                    *AXA Equitable Life Insurance Company*