# DECLARATION OF
# DOROTHY ROSENSWEIG, ESQ.
# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

LIZABETH J. AUGUSTINE,  :  ECF CASE

          Plaintiff,  :  Case No. 07 Civ. 8362 (RWS)(DFE)

    - against -  :  **PLAINTIFF'S FIRST SET
OF INTERROGATORIES
TO DEFENDANT**

AXA FINANCIAL, INC. d/b/a AXA
EQUITABLE LIFE INSURANCE CO.  :

          Defendant.  :
-------------------------------------------------------------- x

      **PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3 of the United States District Court, Southern District of New York, Plaintiff Lizabeth J. Augustine, by her attorneys, The Roth Law Firm, PLLC, hereby requests that Defendant AXA Equitable Life Insurance Company (incorrectly named in the caption), in writing and under oath, answer each of the following interrogatories in accordance with the instructions below within thirty (30) days of service hereof.

## DEFINITIONS

1.     "Person" or "persons" means all natural persons, corporations, partnerships or other business associations, and all other legal entities, including all members, officers, employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates and subsidiaries.

2.     "Document" shall have the broadest meaning contemplated by the rules of this court and shall include but not be limited to handwritten, typewritten, printed, transcribed, impressed, reported, recorded or graphic matter, or other physical or tangible embodiment of communication however produced or reproduced, now or at any time in the possession, custody or control of Defendant, including, but not limited to, all letters, telegrams, telexes, cables,

telephone records and notations, bills, invoices, ledgers, journals and informal books of record and account, income tax returns, checks, checkbooks, bank statements, work records, minutes, bulletins, directives, instructions, reports, memoranda, notes, notebooks, drafts, work sheets, contracts, agreements, intracorporate communications, circulars, appraisals, photographs, books, articles, computer programs and data, studies, analyses, comparisons, forecasts, surveys, memoranda of conversations, diaries, affidavits, briefs, pleadings, decrees, transcriptions, recordings, diagrams, charts, drawings, graphs, and other writings, including drafts of the foregoing items and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in the control of Defendant if they have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof. A draft of a non-identical copy is a separate document.

3. "Define," when used with reference to a phrase or term, shall mean (i) state the meaning or identity of; (ii) explain in detail the basis upon which the response is given; and (ii) identify each person known by Defendant to have personal knowledge regarding the meaning of such phrase or term.

4. "Set forth" means to explain, establish, describe, show, delineate or otherwise state in detail.

5. "All" means "any and all," and "any" means "any and all."

6. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the specification all responses which might otherwise be construed

to be outside its scope.

7. "Concerning" means relating to, referring to, describing, evidencing or constituting.

8. "Documents that refer or relate to" means documents containing, constituting, showing or relating or referring to in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

9. "Refer or relate to" means are, show, comment upon, state, reflect, constitute, confirm, support, mention, describe, discuss, analyze or otherwise refer to.

10. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and is used herein in the broadest sense and includes, but is not limited to, any and all conversations, meetings, discussions and any other occasion for verbal exchange, whether in person or by telephone, as well as all letters, memoranda, telegrams, telecopies, cables and other writings or documents.

11. As used herein, the terms "you" and "your", mean Defendant, its predecessors, successors, subsidiaries, affiliates, divisions, principals and all members, officers, employees, subcontractors, independent contractors, agents, representatives and other persons acting (or who acted) or purporting to act (or who purported to act) on their behalf.

12. "Complaint" means the Complaint filed in this Court Action.

13. "Entity" means person, corporation, partnership, joint venture, successors, predecessors, assigns, divisions, affiliates and subsidiaries or otherwise.

14. "Court Action" means the action entitled appearing in the caption of this document.

## INSTRUCTIONS

I. When, after a reasonable and thorough investigation, using due diligence, you are unable to answer any interrogatory, or any part thereof, on the ground of lack of documents available to you, specify in full and complete detail why the documents are not available to you and what has been done to locate the documents.

II. When an interrogatory does not specifically request a particular document, but such document or documents are necessary to make the answer to the document request comprehensible, complete or not misleading, you should include the documents as part of your answer, and the document request shall be deemed specifically to request the documents.

III. The interrogatories herein shall be deemed continuing in nature, so as to require supplemental answers if the answering party obtains further responsive information after the answers to these interrogatories are made which should be disclosed pursuant to Federal and/or local rules of civil procedure.

IV. Your production to these requests should be promptly supplemented if you obtain information on the basis of which you believe that any such answer was incorrect when made or that a production though complete when made is no longer completely complete.

V. Whenever in these interrogatories there is a request to "identify" a natural person or individual, state the person's (i) full name; (ii) his or her present or last known home and business addresses; (iii) his or her employer, (iv) the present or last known place of employment; and the relationship, if any, of such individual to Plaintiff and/or Defendants.

VI. Whenever in these interrogatories there is a request to "identify" a corporation, partnership, entity, unincorporated association or other person or business or governmental

4

entity, state (i) the full name of such entity; (ii) the last known address of the headquarters, main office, or home office of such entity (stating the latest date at which you know this to have been its address); and (iii) its relationship, if any, to Plaintiff and/or Defendants.

VII.   Whenever in these interrogatories there is a request to "identify" a communication or agreement: (i) state the date and place of such communication or agreement (in the case of telephone conversations, the location of each party); (ii) identify each person who was present at, or who participated in, such communication or agreement or who supplied any information used in making the communication or agreement; (iii) identify the type of communication (e.g., meeting, conference, telephone conversation); (iv) state the entire substance and content of such communication; (v) whether the communication was written or oral; and (vi) identify each document concerning such communication or agreement.

VIII.   Whenever in these interrogatories there is a request to "identify" a source of information: (i) identify the person from the answering party who obtained the information; and (ii) identify each document or communication from such person concerning the information.

IX.   Whenever in these interrogatories there is a request to "identify" a document, state, with suitable particularity to frame a subpoena duces tecum, such information as is necessary to locate and define such document for production, including but not limited to (i) the type of document; (ii) its title, if any; (iii) the general subject matter of the document and a summary of its contents; (iv) the dates of its creation, execution, receipt, recording, filing and transcription; (v) the present or last known location of such document (stating the latest date at which you know this to have been the location of such document); (vi) the identity of the person or persons who authorized, created, executed, received, recorded, filed, transcribed, and now has custody of such document and the relationship of such persons, if any, to Plaintiff and/or

Defendant.

X.  Whenever in these interrogatories there is a request to "identify" an act, event or occurrence, state (i) the persons, documents, and communications involved; (ii) the place where and the time when the act, event, or occurrence took place; (iii) a summary and description of the nature, subject matter, substantive content, and physical characteristics of the act, event, or occurrence; and (iv) any result or disposition flowing from the act, event, or occurrence.

XI.  Whenever an interrogatory calls for the identity of, or other information relating to, a document or communication claimed by the answering party to be privileged, include in the statement of the identity of such document or communication the fact of such claim of privilege and the basis asserted for such claim. As to any such document or communication state: (i) the reason for withholding it or information relating to it; (ii) the author of the document; (iii) the type of document (e.g., letter, memorandum, etc.); (iv) each person or other person to whom the original or a copy of the document was sent or distributed; (v) all persons present at or participating in the communication; (vi) the date of the document or communication; and (vii) the general subject matter of the document or communication.

XII.  In the event that any interrogatory is not responded to by you by reason that the request is claimed to be objectionable, please state with respect to each such interrogatory the portion of the request that is claimed to be objectionable and the nature and basis of the objection. However, responses shall be made to any portion of such request that is not claimed to be objectionable. Where there is an objection to any interrogatory or part thereof, identify each communication or document or portion thereof as to which the objection is made together with the following information:

6

(a) <u>In the case of a communication, identify</u>:

    (i) The persons present or participating in the communication;

    (ii) The date, time and place of the communication;

    (iii) The subject matter and substance of the communication;

    (iv) All persons to whom the subject matter or substance of the communication was communicated; and

    (v) The basis of the objection.

(b) <u>In the case of a document, identity</u>:

    (i) Each author or maker of the document;

    (ii) Each addressee or recipient of the document and each other person to whom the document's contents were shown or explained;

    (iii) The date of the document;

    (iv) The title or description of the general nature of the subject matter of the document and the number of pages;

    (v) The present location of the document;

    (vi) Each person who has custody, possession or control of the document; and

    (vii) The basis of the objection.

XIII. If any document that would have been responsive to an interrogatory has been

7

destroyed or discarded, identify the document and state also:

      (i)     The date on which the document was destroyed or discarded;

      (ii)    The reason for the destruction or discard;

      (iii)   The persons authorizing and/or carrying out such destruction or discard.

XIV. To the extent precise and complete information cannot be furnished in response to an document request, such information as is available shall be supplied, together with an estimate of the precise and complete information. Where such an estimate is given, the method employed in making the estimate should be described. Where knowledge is not available, Defendant should answer to the best of its information and belief, and any such answer should be so described.

XV. The use of a word in its singular form shall be deemed to include within its use the plural form as well, and the use of a word in its plural form shall be deemed to include within its use the singular form as well.

XVI. Each paragraph and subparagraph herein should be construed independently and not with reference to any other paragraph and subparagraph for the purpose of limitation.

XVII. In the event that any interrogatory is not responded to by you by reason that the request is claimed to be objectionable, please state with respect to each such interrogatory the portion of the request that is claimed to be objectionable and the nature and basis of the objection. However, responses shall be made to any portion of such request that is not claimed to be objectionable.

XVIII. Each answer is to be preceded by the request to which it is responsive.

## INTERROGATORIES

1. State whether you employed 50 or more employees at your facility located at 1290 Avenue of the Americas, New York, New York 10104 for 20 or more calendar workweeks during the calendar years 2005, 2006 and 2007.

**RESPONSE:**

2. List all facilities (and their corresponding addresses) located within a 75 mile radius of the address set forth in Interrogatory Number 1 and for each facility please indicate how many employees were employed there for 20 or more calendar workweeks during the calendar years 2005, 2006 and 2007.

**RESPONSE:**

3. Set forth the Plaintiff's hire date(s); position(s) with the Defendant; pay rate and/or salary in each position; time in each position; reasons for changes in positions throughout Plaintiff's employment; and Plaintiff's supervisors' full names regarding each position.

**RESPONSE:**

4. Set forth all leave taken by the Plaintiff at any time during the time she maintained a position with Defendant; the type of leave taken; the start and end dates for each leave period; whether consideration was given at the time as to whether the leave was FMLA qualifying; whether the leave was designated as FMLA qualifying leave; whether the leave was designated as non-qualifying FMLA leave; and for each such FMLA designation who participated in that designation decision.

**RESPONSE:**

5. Set forth all leave requested by the Plaintiff during the calendar years 2005, 2006 and 2007; the type of leave requested and the reasons provided for the leave by Plaintiff; to whom and how the leave was requested; the proposed start and end dates for each requested leave period; whether the leave was granted or denied; whether the leave was paid or unpaid; and who participated in that decision.

**RESPONSE:**

6. Set forth all days and partial days missed by Plaintiff during the calendar year 2007 and for each absence, set forth the employer's designation for the type of absence that occurred.

**RESPONSE:**

7. Set forth all reasons Defendant had for terminating Plaintiff's employment with Defendant.

**RESPONSE:**

8. Please set forth all individuals (by name, position held at the time and current position, if different) that participated in the decision-making process to terminate Plaintiff's employment with Defendant.

**RESPONSE:**

9. For each individual listed in response to Interrogatory Number 8, please set forth their role in that decision-making process.

**RESPONSE:**

10. If you maintain that Plaintiff was not an eligible employee under the FMLA, please set forth all reasons that support your contention to that effect.

**RESPONSE:**

11. If you maintain that you are not a covered employer under the FMLA, please set forth all reasons that support your contention to that effect.

**RESPONSE:**

12.   If you maintain that Plaintiff's daughter did not suffer from an FMLA-qualifying serious health condition, or that Plaintiff did not otherwise qualify for FMLA leave, please set forth all reasons that support your contention to that effect.

**RESPONSE:**

13.   If you contend that Plaintiff was a key employee as so defined under the FMLA, please set forth all reasons supporting your contention.

**RESPONSE:**

14.   Set forth all locations at 1290 Avenue of the Americas, New York, New York 10104 where you have posted notices explaining the FMLA's provisions and information concerning the procedures for filing complaints for violations of the FMLA. For each location, please indicate the time period that such a notice has been posted.

**RESPONSE:**

15. Indicate whether you have written employee policies, employee manuals, and/or an employee handbook and, if so, state the time period that that handbook(s) has been in existence.

**RESPONSE:**

16. If you have written policies, employee manuals, and/or an employee handbook, please indicate at what point you included information on an employee's entitlements and obligation under the FMLA.

**RESPONSE:**

17. Set forth all notices (written and verbal) that Plaintiff provided to Defendant of her need for leave that would or would not qualify as FMLA leave. For each such notice, please indicate the date Defendant received notice; who received the notice on behalf of Defendant; the reason for the requested leave; the start date for the requested leave; and the end date for the requested leave.

**RESPONSE:**

18. Please set forth all requests for medical certification of the Plaintiff's FMLA leave. For each such request, please set forth who made the request; when it was delivered to the employee; when the employee was expected to respond; when and how the employee responded.

**RESPONSE:**

19. Identify any and all persons who participated in responding to these interrogatories, and for each person identify which particular interrogatory request(s) that that person participated in.

**RESPONSE:**

20. Identify any and all persons who participated in assembling any documents that were produced to Plaintiff, and for each person identify which particular documents request(s) that person assembled documents in response.

**RESPONSE:**

21.  Identify any and all persons whom Defendant may call as witnesses at the trial of this action. For each person please set forth their contact information and a brief summary of their expected trial testimony.

**RESPONSE:**

22.  Identify any and all persons whom Defendant may call as an expert witness(es) at the trial of this action. For each person please set forth their contact information, their qualifications, and a brief summary of their expected trial testimony.

**RESPONSE:**

23. If you contend that Plaintiff's request for FMLA leave was inadequate, insufficient, faulty and/or incomplete, please set forth all reasons supporting your contention.

**RESPONSE:**

Dated: New York, New York
January 10, 2008

THE ROTH LAW FIRM, PLLC

By: _____
Richard A. Roth (RAR-5538)

545 Fifth Avenue, Suite 960
New York, New York, 10017
(212) 542-8882

*Attorneys for Plaintiff
Lizabeth J. Augustine*

17