# DECLARATION OF
# DOROTHY ROSENSWEIG, ESQ.
# EXHIBIT H

# The Roth Law Firm, PLLC

545 Fifth Avenue, Suite 960
New York, New York 10017
Tel.: (212) 542-8882 Facsimile: (212) 542-8883

March 27, 2008

**Via Electronic Mail**
Dorothy Rosensweig, Esq.
Epstein, Becker & Green, P.C.
250 Park Avenue
New York, New York 10177

Re:   **Augustine v. AXA Financial, Inc.**

Dear Dotty:

Defendant's Responses to Plaintiff's First Request for Production are deficient in the following ways. After describing the deficiencies, I will address your letter of March 3, 2008.

**Defendant's Responses to Plaintiff's First Request for Production are Deficient**

**DOCUMENT REQUEST NUMBER 2**

Although Plaintiff took leave under the FMLA to care for her daughter Megan multiple times prior to 2006, Defendant produced no documents regarding the leave requests, decisions or approvals, all of which are responsive to document request number 2. These documents are highly relevant because they demonstrate Defendant is aware of Megan's serious, recurring health condition.

**DOCUMENT REQUEST NUMBER 6**

Defendant states there are no responsive documents. AXA/LA 875, however, is responsive. In addition, because Defendant withheld documents regarding our document request number 2, it is not unreasonable to believe that Defendant is similarly withholding additional documents relating to Plaintiff's previous FMLA requests and any disputes relating to said requests.

**DOCUMENT REQUEST NUMBER 17**

Defendant did not produce Defendant's position elimination policy or performance elimination policy.

**Contrary to your letter of March 3, 2008, Plaintiff's Responses are Sufficient**

**FRCP 34**

Defendant correctly interprets FRCP 34. A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the request.

As Plaintiff is an individual, she cannot maintain her documents "in the usual course of business." Therefore, our firm did organize and label the documents. Specifically, the documents appear consecutively to correspond to your requests. In other words, the documents responsive to request number 1 appear before the documents responsive to request number 2, which appear before the documents responsive to request number 3 and so on. Regarding labeling, the documents are also bate stamped by our firm. Unlike your firm's document production, all of our production was prepared internally.

## GENERAL OBJECTIONS

Defendant maintains that objecting to producing documents on the grounds that the documents are already in Defendant's possession is not a proper ground for an objection. Although technically correct, this objection is akin to a burdensome objection and is uniquely suitable when an individual is suing a large corporation. That notwithstanding, no documents have been withheld on this basis. To the extent that any documents have been withheld on the grounds of privilege, a privilege log will be produced. Alternatively, counsel will confirm that no documents have been withheld on the basis of privilege.

## TIME LIMITATIONS

In Defendant's letter, it appears that Defendant admits agreeing to certain time limitations, yet denies agreeing to others. In addition, Defendant's responses repeatedly reference the agreements made "in counsel's telephone conference on January 15, 2008." In sum, it appears that Defendant has a rather convenient memory in regard to said conference. Plaintiff's position is that Plaintiff has complied with all representations made by Plaintiff in the January 15, 2008 telephone conference.

## DOCUMENT REQUEST NUMBERS 8, 9, 45

Defendant makes the following entirely inaccurate statement: "Plaintiff now refuses to produce any calendars, diaries, appointment books or other documents responsive to these requests." Plaintiff's counsel has repeatedly told Defendant's counsel that Plaintiff does not have any calendars, diaries or appointment books from this time period. As clearly stated in Plaintiff's responses, responsive documents to document request numbers 8, 9 and 45 that are in Plaintiff's possession have been produced.

## DOCUMENT REQUEST NUMBER 11

As stated in Plaintiff's responses, responsive documents to document request number 11 that are in Plaintiff's possession have been produced.

## DOCUMENT REQUEST NUMBERS 7, 20, 23, 24, 27-35, 37, 38

Defendant does not have any additional responsive documents to document requests 7, 20, 23, 24, 27-35, 37 and 38.

## DOCUMENT REQUEST NUMBER 42

We will produce documents concerning our fee arrangement with Plaintiff after we have had a reasonable time to review the authority cited by Defendant on this issue.

DOCUMENT REQUEST NUMBER 46

Defendant does not have any additional responsive documents to document request 46. At this time, Plaintiff's search of her home computer is complete. This shall confirm that Plaintiff will preserve her home computer and hard drive so that Defendant may, if it deems necessary, seek a court order to permit examination by a forensic expert. That said, however, rummaging through our client's personal computer seems particularly intrusive. As I have mentioned in previous correspondence, to attain that court order, you will have to establish to the court, at a minimum, a reasonable basis that Plaintiff's family computer contains something Defendant would have fired her for.

After you have had a chance to review this correspondence, please call me so we can discuss whether to set a hearing date or try to resolve the foregoing.

Sincerely,

Betsy K. Silverstine

cc: Lizabeth Augustine
Anna Cohen, Esq.