UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

LIZABETH J. AUGUSTINE,

                     Plaintiff,

        - against -

AXA FINANCIAL, INC. d/b/a
AXA EQUITABLE LIFE INSURANCE CO.

                     Defendant.
----------------------------------------------------------x

ECF CASE

Case No. 07 Civ. 8362 (RWS)(DFE)

**DECLARATION OF JEANNE O'CONNOR**

      Jeanne O'Connor, pursuant to 28 U.S.C. § 1746, declares:

      1.    This declaration is based on my personal knowledge and I am fully familiar with the facts and circumstances set forth herein.

      2.    I am a Vice President, Customer Acquisition, Cross-Sales and Retention, Customer Marketing Group of Defendant AXA Equitable Life Insurance Company.

      3.    From May 2006 through August 2006, Plaintiff Lizabeth J. Augustine reported directly to me.

      4.    During that time, I supervised Plaintiff's work and work schedule.

      5.    Plaintiff was well aware of my functions with respect to her work schedule, as she was required to notify me when she would be out of the office. Copies of e-mails from Plaintiff to me concerning her work schedule are attached as Exhibit A.

      6.    In May of 2006, I requested that Plaintiff complete and return to me AXA's Flexible Work Arrangement Form regarding her work schedule. E-mails dated May 23,

NY:266117v1

2006 between myself and Plaintiff concerning Plaintiff's need to complete this form are attached hereto as Exhibit B.

7. On August 23, 2006, I sent Plaintiff an e-mail advising her that Cindy Stern ("Stern"), a Vice President, Customer Retention & Cross Sales, Customer Marketing Group of Defendant AXA Equitable Life Insurance Company, would take over the one-on-one supervisory meetings with Plaintiff that I had previously conducted. A copy of this e-mail is attached hereto as Exhibit C.

8. From August 2006 through January 31, 2007, Plaintiff reported directly to Stern, and Stern reported directly to me. During that time, Stern directly supervised Plaintiff's work and schedule, as I had done previously.

9. I prepared a memorandum entitled "Customer Acquisition, Cross-Sales & Retention: Our Vision and How We Operate" and distributed it to Plaintiff and others in the Customer Acquisition, Cross-Sales & Retention Group. A copy of this memorandum is attached hereto as Exhibit D.

10. On August 15, 2006, I sent to Plaintiff and others in the group an e-mail outlining the vacation request policy for the Customer Acquisition, Cross-Sales & Retention Group, a copy of which is attached hereto as Exhibit E.

11. On November 20, 2006, I sent Stern an e-mail inquiring whether Plaintiff updated her FMLA request form, as required by AXA. I was aware of Plaintiff's daughter's medical condition because Plaintiff left a description of her daughter's illness on my chair. Both Stern and I had asked Plaintiff several times to update her FMLA request form. A copy of my November 20, 2006 e-mail is attached hereto as Exhibit F.

12. On November 28, 2007, Plaintiff sent me an e-mail requesting a meeting, a copy of which is attached hereto as Exhibit G.

13. On December 1, 2006, Plaintiff and I met, at her request, to discuss her job performance and attendance issues that Stern had previously discussed with her. During that meeting, Plaintiff and I also discussed her daughter's medical condition at length. On December 4, 2006 I wrote a memorandum summarizing my December 1 discussion with Plaintiff. A copy of this memorandum is attached hereto as Exhibit H.

14. On January 31, 2007, Lisa DeRoche, my team's Relationship Manager in HR, and I met with Plaintiff regarding her termination. I advised Plaintiff that her position was being eliminated and DeRoche would speak with her regarding the next steps.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 11, 2008

_____
Jeanne O'Connor