UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

LIZABETH J. AUGUSTINE,

                      Plaintiff,

- against -

AXA FINANCIAL, INC. d/b/a
AXA EQUITABLE LIFE INSURANCE CO.

                      Defendant.
------------------------------------------------------------ x

**ECF CASE**

Case No. 07 Civ. 8362 (RWS)(DFE)

**DECLARATION OF
CYNTHIA D. STERN**

Cynthia D. Stern, pursuant to 28 U.S.C. § 1746, declares:

1. This declaration is based on my personal knowledge and I am fully familiar with the facts and circumstances set forth herein.

2. I am currently Vice President, Strategy and Insights for Defendant AXA Equitable Life Insurance Company.

3. From August 2006 until her termination in January 2007, Plaintiff Lizabeth J. Augustine reported directly to me. During this period I supervised Plaintiff's work and work schedule. Plaintiff was well aware of my functions with respect to her work schedule, as she was required to, and did notify me, generally by e-mail, when she planned to work from home or otherwise be out of the office. Copies of such e-mails are attached hereto as Exhibit A.

4. During the time that I directly supervised her, Plaintiff was required to, and generally did, notify me by e-mail of any changes she wished to make to her work schedule. Copies of such e-mails are attached hereto as Exhibit B.

5. During the time that Plaintiff reported directly to me, I was aware of her daughter's medical condition because Plaintiff herself informed me of it and discussed it with me and I discussed Plaintiff's need to update her FMLA form as required by AXA with her on various occasions.

6. On November 21, 2006 I advised Plaintiff that she did not have any more PTO (Paid Time Off) available for the year and that any additional days she took off would be unpaid.

7. On November 27, 2006, I met with Plaintiff to discuss various issues relating to her work performance and attendance. Prior to this meeting, in consultation with Jeanne O'Connor, I prepared an outline of the topics I wished to discuss with Plaintiff, a copy of which is attached hereto as Exhibit C. I did in fact discuss all of these topics with Plaintiff on November 27.

8. Also on November 27, 2006, Plaintiff sent me an e-mail which stated, "I have not yet contacted HR yet – I just want to read some of the PTO policies again today before I do etc. so my options are clear to me." This email, a copy of which is attached hereto as Exhibit D, related to my repeatedly asking Plaintiff to talk to Lisa DeRoche, my team's Relationship Manager in Human Resources, about the need to update her FMLA forms.

9. In December of 2006, Plaintiff submitted a request for FMLA leave stating that she needed to work from home every Tuesday and Thursday because of her daughter's medical condition. I advised Plaintiff that this request was insufficient and she responded that she would contact her daughter's doctor and get the doctor to fill something out.

10. On January 5, 2007, Plaintiff sent me an e-mail stating, "[a]s we discussed, from Jan – March I need to work from home on Monday. Let me know what you need." This e-mail is attached hereto as Exhibit E.

11. I had previously questioned Plaintiff about this change in her schedule and how Plaintiff knew in advance the days she would need to take intermittent leave to care for her daughter's medical condition.

12. On January 25, 2007, Plaintiff notified me by e-mail that she would be taking her daughter to see a specialist. This e-mail is attached hereto as Exhibit F.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 12, 2008

_____
Cynthia D. Stern